UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:
REGINA B. HEISLER

CIVIL ACTION

NO.  22-47

SECTION: "E" (5)

## ORDER AND REASONS

Before the Court is a motion to dismiss, filed by Appellee Girod LoanCo, LLC ("Girod").[1] Regina Heisler and Henry Klein ("Appellants") did not file an opposition. For the reasons set forth below, Girod's motion to dismiss is **GRANTED.**

## BACKGROUND

On August 27, 2020, the Debtor, Regina Berglass Heisler ("the Debtor"), filed a voluntary Petition for Relief under chapter 11 of the United States Code, initiating the above-captioned bankruptcy case.[2] On September 28, 2020, Regina Heisler's bankruptcy case was converted from a proceeding under chapter 11 to a proceeding under chapter 7.[3]

On October 19, 2021, the chapter 7 Trustee for the Heisler bankruptcy estate filed, in Regina Heisler's chapter 7 case, a "(I) Motion To Hold Henry L. Klein and Regina B. Heisler in Contempt For Violating This Court's Orders, (II) Motion in Aid of Administering the Concursus Funds, and (III) Motion to Reinstate the Automatic Stay As it Applies to the Concursus Funds With Incorporated Memorandum,"

---

[1] R. Doc. 2.
[2] *In re Regina B. Heisler*, R. Doc. 1, Case No. 20-bk-11509 (Bankr. E.D. La.).
[3] *Id.* at R. Doc. 51.

1

(hereinafter referred to as the "Trustee's Motion for Contempt").[4] On November 3, 2021, the bankruptcy court held a hearing to consider the Trustee's Motion for Contempt. [5] On November 9, 2021, the bankruptcy court issued an order granting the Trustee's Motion for Contempt.[6] On November 18, 2021, Regina Heisler and Henry Klein jointly filed a "Rule 9014 Motion and Incorporated Memorandum in Support of Motion for New Trial and Reconsideration of Doc. 456 In Lieu of Appeal," (hereinafter referred to as the "Motion for New Trial and for Reconsideration").[7] On December 27, 2021, the bankruptcy court issued an order denying the Motion for New Trial and for Reconsideration.[8]

On January 11, 2022, a Joint Notice of Appeal was filed in this Court by Debtor Regina Heisler and "Respondent-in-Contempt" Henry Klein (collectively referred to as "Appellants").[9] Appellants appealed the bankruptcy court's order denying their Motion for New Trial and for Reconsideration.[10] The Joint Notice of Appeal identifies Girod LoanCo, LLC and the chapter 7 Trustee as Appellees.[11]

On March 7, 2022, Girod LoanCo LLC ("Girod") filed a motion to dismiss under Federal Rule of Bankruptcy Procedure 8013(a), asking the Court to dismiss the instant appeal.[12] Girod argues this appeal should be dismissed because Heisler and Klein failed to timely file their designation of items to be included in the record on appeal,

---

[4] *Id.* at R. Doc. 425.
[5] *Id.* at R. Doc. 456.
[6] *Id.*
[7] *Id.* at R. Doc. 461.
[8] *Id.* at R. Doc. 490.
[9] R. Doc. 1.
[10] *See id.*
[11] *See id.*
[12] R. Doc. 2.

2

and failed to timely file their statement of issues on appeal.[13]

## LAW AND ANALYSIS

Girod filed its motion to dismiss,[14] asking the Court to dismiss Appellants' bankruptcy appeal with prejudice. In its motion,[15] Girod requests an order from the Court dismissing Appellants' appeal for failure to timely file their designation of items to be included in the record on appeal and statement of issues on appeal.

The Fifth Circuit has held it is improper for a district court, without considering the merits of the arguments before it, to grant a motion to dismiss solely because it is unopposed.[16] "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion."[17] Appellants failed to file a response in opposition to Girod's motion to dismiss. Accordingly, the Court will not grant Girod's motion to dismiss merely because it is unopposed; rather, the Court will only grant the motion to dismiss if it has merit.[18]

In *Matter of Thompson*, the appellee filed a motion to dismiss the appellants' bankruptcy appeal for failure to timely designate the items to be included in the record on appeal and for failure to timely file the statement of issues on appeal.[19] The district court granted the appellee's motion and dismissed the appellants' appeal.[20] This Court follows that approach in this case.

---

[13] R. Doc. 2-1 at p. 4.
[14] R. Doc. 2.
[15] *Id.*
[16] *See Webb v. Morella*, 457 F. App'x 448 (5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir 1980) (overturning district court's decision granting defendants' motion to dismiss because the motion was unopposed because dismissal with prejudice is a severe sanction).
[17] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).
[18] *See Webb,* 457 F. App'x 448; *see also Ramsey*, 631 F.2d at 1214.
[19] In *Matter of Thompson*, 140 B.R. 979, 980–82 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993).
[20] *Id.* at 980, 985.

Federal Rule of Bankruptcy Procedure 8009(a) provides as follows:

(a) Designating the Record on Appeal; Statement of the Issues.

(1) *Appellant.*

(A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

(B) The appellant must file and serve the designation and statement within 14 days after:

(i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or

(ii) an order granting leave to appeal is entered.

A designation and statement served prematurely must be treated as served on the first day on which filing is timely.[21]

Appellants filed their joint notice of appeal on January 11, 2022. Under Rule 8009(a), Appellants were required to file and serve their designation of the items to be included in the record on appeal and their statement of the issues to be presented on appeal on or before January 25, 2022. Appellants have failed to file and serve their designation and statement.

"The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts."[22] The Fifth Circuit has held that "[i]t is clear under the law of this circuit that an issue that is not designated in the statement of issues in the district court is waived on appeal."[23] "An adequate designation of issues on appeal is also necessary to put the appellee on notice as to which issues it must defend against

---

[21] Fed. R. Bankr. P. 8009(a).
[22] *Wigington v. Nationstar Mortg. LLC*, No. 4:21-CV-699, 2022 WL 467391, at *2 (E.D. Tex. Feb. 14, 2022) (quoting *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000)).
[23] *In re McClendon*, 765 F.3d 501, 506 (5th Cir. 2014). *See also In re GGM, P.C.*, 165 F.3d 1026, 1031 (5th Cir. 1999).

and whether the appellant's designation of issues will produce a record adequate for the appellate court."[24] "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or [Bankruptcy Appellate Panel] to act as it considers appropriate, including dismissing the appeal."[25] A district court or Bankruptcy Appellate Panel "may dismiss a bankruptcy appeal for failure to file a designation of record or statement of issues on appeal."[26] The decision whether to dismiss an appeal for failure to follow the requirements of Rule 8009 rests within the discretion of the district court.[27]

In this case, the Joint Notice of Appeal was filed nearly ten weeks ago, and Appellants have taken no further action in this appeal. Because Appellants failed to designate any issues for appeal and failed to carry their burden of creating an adequate record on appeal, there is no record or issue for the Court to consider on appeal.[28] Further, Appellants had the opportunity to explain their untimeliness and to request an extension of time by responding to Girod's motion to dismiss; however, Appellants failed to file an opposition to Girod's motion to dismiss. The Court finds that, in this case, dismissal is warranted based on Appellants' failure to timely file their issue

---

[24] *Matter of Thompson*, 140 B.R. 979, 982 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993).
[25] Fed. R. Bankr. P. 8003(a)(2).
[26] *Matter of Thompson*, 140 B.R. 979, 982 (N.D. Ill. 1992), aff'd, 4 F.3d 997 (7th Cir. 1993) (*quoting In re Champion*, 895 F.2d 490, 492 (8th Cir.1990)).
[27] *In re CPDC Inc.*, 221 F.3d 693, 699 (5th Cir. 2000).
[28] The Court also notes this is the sixth bankruptcy appeal filed by Regina Heisler with respect to her chapter 7 case, 20-bk-11509, pending in the Bankruptcy Court for the Eastern District of Louisiana. Henry Klein has been involved in Heisler's chapter 7 case and in her bankruptcy appeals. Heisler and Klein are well aware of the rules for bankruptcy appeals.

statement and record designation,s their failure to request an extension of time, and their failure to respond to Girod's motion to dismiss the appeal.

## CONCLUSION

**IT IS ORDERED** that the motion to dismiss[29] filed by Appellee Girod LoanCo LLC is **HEREBY GRANTED**.

**IT IS FURTHER ORDERED** that Regina Heisler and Henry Klein's appeal of the bankruptcy court's December 27, 2021 order[30] is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 6th day of April, 20212.**

                                          **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**

---

[29] R. Doc. 2.
[30] *In re Regina B. Heisler*, R. Doc. 490, Case No. 20-bk-11509 (Bankr. E.D. La. 2021).